## Assigned Estate of The Trevose Model Brick Mfg. Co. Gibb's Appeal.

*Corporations—Assigned estate—Directors—Debt in excess of capital.*

A claim that debts of directors should not be paid out of the assigned estate of a corporation, on the ground that the total debts of the company were in excess of the capital stock, cannot be sustained where the auditor reports that he was "unable to state that the directors did, during their term of office, contract a larger indebtedness than the amount of the capital stock of the company. The means for such an investigation were not presented to him, nor was any evidence offered tending to show the same, other than the amount of the claims against the assigned estate, some of which were contingent and resulted from the failure of the company to carry on its operations."

*Assigned estate—Sale—Duty of assignee.*

Where an assignee for the benefit of creditors in good faith and under advice of counsel refuses to offer for sale as a whole the real estate of the assignor after a previous ineffectual attempt to sell it as a whole, he will not be surcharged for negligence.

Argued Jan. 9, 1894. Appeal, No. 115, July T., 1893, by J. McGregor Gibb, from order of C. P. No. 2, Phila. Co., June T., 1891, No. 704, dismissing exceptions to report of auditor, distributing assigned estate of The Trevose Model Brick Mfg. Co. Before STERRETT, C. J., GREEN, WILLIAMS, Mc-COLLUM, MITCHELL, DEAN and FELL, JJ.

Adjudication of account of George H. Becker, assignee for benefit of creditors of Trevose Model Brick Mfg. Co.

The Trevose Model Brick Mfg. Co. was a Pa. corporation, incorporated in June, 1890, with capital stock of $20,000.

Before the auditor, Charles N. Mann, Esq., it appeared that at the time of the assignment, which was on July 16, 1891, foreclosure proceedings had been begun on a first mortgage. The company, at the time of the assignment, was in debt, including the mortgage given by it to B. F. Baer, over $27,000. The assignee advertised a sale of the assigned estate, to be held Nov. 6, 1891, on the premises. The property was at this time advertised to be sold by the sheriff in December, 1891, under the foreclosure proceedings. At the assignee's sale the property was first put up as a whole, and the highest bona fide bid was $23,500. The assignee did not accept this bid, and proceeded to sell the machinery and fixtures in parcels. During the sale a notice was read by the plaintiff in the foreclosure suit, claiming that the fixtures of the brick yard, including engines, shafting, grinding machine, belting, sheds, lumber, etc., were covered by his mortgage, being part of the realty. The sale of the personal property was proceeded with and realized over $3,000, a large part of which was paid to the assignee in cash. A writ of estrepement was served on the assignee immediately at the conclusion of the sale, forbidding him to sell the fixtures of the brick yard, and he returned to the purchasers the money that had been paid for the articles purchased, under advice of counsel, but did not again offer the plant.

The property was sold by the sheriff under the foreclosure proceedings Dec. 7, 1891, for the sum of $22,000, not quite sufficient to pay the incumbrances against it, the assignee giving notice at the sale that the personal property, without designating what he claimed as personal property, did not pass by the sale.

The auditor refused to surcharge the assignee with loss occasioned by not exposing the plant to sale.

Certain of the directors presented claims for debts against the company, but their payment was resisted on the ground that the debts were in excess of the capital stock. The auditor reported upon these claims as follows:

"'The claims of B. Trautmann, George H. Becker, N. M. Kueny and B. F. Baer should not be allowed participation in the assets of the assigned estate because they were directors of the company and caused an indebtedness by the company in excess of the amount of its capital stock paid in, and have never paid in such excess, and because they did not file with the recorder of deeds or have recorded the certificates required by the act of assembly.'

"The auditor cannot agree to the foregoing proposition. In the first place he finds himself utterly unable to state that the directors did, during their term of office, contract a larger indebtedness than the amount of the capital stock of the company. The means for such an investigation were not presented to him, nor was any evidence offered tending to show the same, other than the amount of claims against the assigned estate, some of which, it must be borne in mind, were contingent and resulted from the failure of the company to carry on its operations; nor can the auditor see how the distribution of the assets of the assigned estate could be made the forum in which questions of such character could be determined.

"The finding of the auditor in this respect, if favorable to the contention of counsel for the creditors, would involve a personal responsibility upon the directors for a dereliction of duty without giving them a proper day in court; and, while the act of assembly in question is by no means explicit, it is hardly conceivable that such liability was to be ascertained without a trial by jury or at least the filing of a bill in equity in which the whole question at issue could be determined.

Suffice it to say that even if the duty of the auditor in stating this account, and this was the proper forum for the presentation of such a claim by the creditors as against the directors, it is an undeniable fact that no evidence was presented before him by which such an issue could be raised or eventually determined."

Exceptions, among others, by appellant, a judgment creditor, to the allowance of the claim of Trautmann et al., and the refusal to surcharge accountant, were overruled, except the 16th and 24th, which were sustained, but are not involved in this appeal.

*Errors assigned* were in overruling exceptions, quoting them.

*Preston K. Erdman*, for appellant, cited: Act of April 29, 1874, P. L. 102 ; Kisterbock's Ap., 51 Pa. 483 ; Penn Bank v. Hopkins, 111 Pa. 328 ; Lechler's Ap., 21 W. N. 505 ; Whitecar's Est., 147 Pa. 368 ; Kittel's Est., 32 W. N. 518 ; Hindman's Ap., 85 Pa. 467 ; McConomy v. Reed, 152 Pa. 42 ; Milligan's Ap., 97 Pa. 525.

*Emanuel Furth, Jacob Singer* with him, for appellee, cited: Kisterbock's Ap., 51 Pa. 483 ; Trickett, Assignments, 171.

PER CURIAM, January 22, 1894 :

Twenty-five exceptions to the learned auditor's report were filed in the court below, all of which were dismissed except the sixteenth and twenty-fourth. They were sustained and distribution of the fund was decreed in accordance with the schedule thus revised. The specifications charge that the court below erred in dismissing eighteen of said exceptions recited therein respectively. Some of these relate to findings of fact and others to conclusions of law. We have examined the record with special reference to the questions thus presented, and find no error, either in the findings of fact or in the conclusions drawn therefrom, that requires a reversal or modification of the decree. The auditor's findings are in accordance with the evidence, and his legal conclusions, as qualified by the action of the court in sustaining the sixteenth and twenty-fourth exceptions, appear to be correct. They are all so fully set forth in his elaborate report that it is unnecessary to refer to them in detail. Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellant.